UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         JS-6   'O'

| | | | |
|---|---|---|---|
| Case No. | 8:16-cv-00544-CAS(PLAx) | Date | November 7, 2016 |
| Title | MICHAEL JAG SIMPSON v. RICHARD A. MACKAIG | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT OR SUMMARY ADJUDICATION (DKT #20, September 5, 2016)

## I.   INTRODUCTION

On March 23, 2016, Michael Jag Simpson ("plaintiff") filed the instant action against defendant Richard A. Mackaig ("defendant"). Dkt. 1 ("Compl."). Plaintiff's complaint asserts eight claims against defendant: (1) unlawful discrimination in violation of the Americans with Disabilities Act ("ADA"); (2) unlawful discrimination in violation of the Unruh Civil Rights Act; (3) unlawful discrimination in violation of California Civil Code § 54; (4) negligence; (5) violation of California Health and Safety Code § 19955; (6) defamation; (7) violation of the implied covenant of quiet enjoyment; and (8) violation of the Fair Credit Reporting Act.

On September 5, 2016, defendant filed the instant motion for summary judgment or, in the alternative, summary adjudication, regarding all of plaintiff's claims. Dkt. 20 ("Motion"). Plaintiff filed his opposition to the motion on September 19, 2016, dkt. 24 ("Opp'n"), and defendant filed a reply on September 19, 2016, dkt. 25.

On October 17, 2016, the Court held a hearing regarding the instant motion for summary judgement. Dkt. 27. At the hearing, the Court granted plaintiff's counsel additional time to attempt to contact his client and directed plaintiff's counsel to file a declaration in support of his client's claims on or before November 3, 2016. Id. To date, plaintiff's counsel has not filed any such declaration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | JS-6  'O' |
|---|---|---|---|
| Case No. | 8:16-cv-00544-CAS(PLAx) | Date | November 7, 2016 |
| Title | MICHAEL JAG SIMPSON v. RICHARD A. MACKAIG | | |

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

### A.   Factual Background

Except where noted, the following facts are undisputed.

Defendant is the owner of a residential property located at 33952 Golden Lantern Street, Dana Point, CA 92629 ("Subject Property"). Mackaig Decl. at 1.

Plaintiff formerly resided at the Subject Property. Id. at No. 4. Plaintiff asserts that defendant failed to provide accessible paths of travel, accessible parking, and appropriate signage at the Subject Property. Compl. ¶ 20. Plaintiff's complaint does not contain additional facts about the conditions of the Subject Property.

Defendant contends that he did not rent the property to plaintiff, but instead that plaintiff took possession from Cindy Salcido, a former tenant, without defendant's permission. Defendant's Statement of Undisputed Facts ("SUF") at Nos. 2–5.

On March 10, 2016, defendant filed an unlawful detainer action in Orange County Superior Court against Salcido. SUF at No. 7. Plaintiff then filed a prejudgment claim of right of possession as an occupant of the Subject Property. Id. at No. 8. On May 5, 2016, judgment was entered in favor of defendant and defendant was granted possession of the Subject Property. Id. at 10.

On February 3, 2016, plaintiff filed a voluntary bankruptcy petition in the United States Bankruptcy Court for the Central District of California. Id. at No. 13. In his bankruptcy petition, plaintiff did not disclose the existence of claims against any third parties, including defendant. Id. at No. 17. On May 23, 2016, the Bankruptcy Court issued an Order of Discharge in plaintiff's bankruptcy proceedings. Id. at 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | JS-6    'O' |
|---|---|---|---|
| Case No. | 8:16-cv-00544-CAS(PLAx) | Date | November 7, 2016 |
| Title | MICHAEL JAG SIMPSON v. RICHARD A. MACKAIG | | |

### C.  Plaintiff's Claims

First, plaintiff alleges that the conditions of the Subject Property resulted in unlawful discrimination in violation of the ADA, the Unruh Civil Rights Act, California Civil Code § 54, and California Health and Safety Code § 19955.   Comp. ¶¶ 22–40; 47–50.   Additionally, plaintiff asserts that these violations amounted to negligence by defendant.   Id. ¶¶ 44–46.

Second, plaintiff alleges that defendant defamed plaintiff by publishing information about plaintiff that defendant knew to be false.   Id. ¶¶ 51–58.   Although plaintiff's complaint does not elaborate further on the factual basis for the defamation, plaintiff's interrogatory responses indicate that the defamatory statements derive from defendant's allegations and conduct in connection with defendant's unlawful detainer action against plaintiff.   Abraham Decl. Ex. 8 at 6–7.

Third, plaintiff alleges that defendant replaced the lock on plaintiff's garage at the Subject Property with a faulty lock, resulting in a violation of the implied covenant of quiet enjoyment. Compl.   ¶¶ 59–65.

Lastly, plaintiff asserts that defendant obtained a copy of plaintiff's credit report without plaintiff's permission in violation of the Fair Credit Reporting Act.   Id. ¶¶ 66–70.

### D.  Defendant's Arguments

Defendant argues that all of plaintiff's claims are barred by the doctrine of judicial estoppel because plaintiff did not disclose any claim against defendant at any time during plaintiff's bankruptcy proceedings and plaintiff's bankruptcy has been discharged. Motion at 7–8.

Defendant contends that he did not violate the ADA because the ADA does not apply to residential properties.   Id. at 8–9.   Defendant further argues that plaintiff lacks the requisite standing to pursue an ADA claim because plaintiff has been evicted from defendant's residential property and has provided no evidence of a concrete intent to return.   Id. at 9–10.   Defendant also argues that plaintiff's ADA claim seeks an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   JS-6   'O'

| | | | |
|---|---|---|---|
| Case No. | 8:16-cv-00544-CAS(PLAx) | Date | November 7, 2016 |
| Title | MICHAEL JAG SIMPSON v. RICHARD A. MACKAIG | | |

improper remedy because the sole remedy requested by plaintiff is monetary damages and monetary damages are unavailable under the ADA.   Id. at 11.

Defendant asserts that he did not violate the Unruh Civil Rights Act, California Civil Code § 54, or California Health and Safety Code § 19955, and was not negligent. Id. at 14–15.   Defendant argues that plaintiff's claims under these state law causes of action are predicated on defendant's violation of the ADA, which defendant argues did not occur.   Id.

Defendant also contends that plaintiff's claims for defamation and the violation of the implied covenant of quiet enjoyment are barred by the state litigation privilege and the Noerr-Pennington doctrine.   Id. at 11–14.

Lastly, defendant asserts that he did not obtain a copy of plaintiff's credit report and that defendant had no logical incentive to obtain a copy of plaintiff's credit report. Id. at 14.

Defendant has also requested an award of attorneys' fees under 42 U.S.C § 12205 and 28 U.S.C. § 1927.   Id. at 14–15.

## III. LEGAL STANDARDS

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment.   See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit."   Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324.   Summary judgment must be granted for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | JS-6 'O' |
|---|---|---|---|
| Case No. | 8:16-cv-00544-CAS(PLAx) | Date | November 7, 2016 |
| Title | MICHAEL JAG SIMPSON v. RICHARD A. MACKAIG | | |

the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. DISCUSSION

### A. Judicial Estoppel

Defendant argues that all of plaintiff's claims are barred by the doctrine of judicial estoppel because plaintiff's claims all arose prior to the discharge of plaintiff's Chapter 7 bankruptcy and plaintiff failed to disclose these claims in his bankruptcy proceedings prior to the issuance of the Order of Discharge.

"[J]udicial estoppel is an equitable doctrine invoked by a court at its discretion." New Hampshire v. Maine, 532 U.S. 742, 750 (2001). "[I]ts purpose is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." Id. at 749–50.

Courts invoke "judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of 'general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'" Hamilton v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | JS-6  'O' |
|---|---|---|---|
| Case No. | 8:16-cv-00544-CAS(PLAx) | Date | November 7, 2016 |
| Title | MICHAEL JAG SIMPSON v. RICHARD A. MACKAIG | | |

State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001) (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)).

The United States Supreme Court has enumerated three factors that courts may consider in determining whether to apply the doctrine of judicial estoppel:

> First, a party's later position must be "clearly inconsistent" with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled." Absent success in a prior proceeding, a party's later inconsistent position introduces no "risk of inconsistent court determinations," and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

New Hampshire, 532 U.S. at 750–51 (citations omitted).

In bankruptcy proceedings, the Ninth Circuit has found that, "if a plaintiff-debtor omits a pending lawsuit from a bankruptcy schedule and obtains a discharge (or plan confirmation), judicial estoppel bars the action." Ah Quin v. Cty. of Kauai Dep't of Transp., 733 F.3d 267, 271 (9th Cir. 2013). This analysis comports with the factors enumerated by the Supreme Court in New Hampshire because "(1) the positions are clearly inconsistent ('a claim does not exist' vs. 'a claim does exist'); (2) the plaintiff-debtor succeeded in getting the first court (the bankruptcy court) to accept the first position; and (3) the plaintiff-debtor obtained an unfair advantage (discharge or plan confirmation without allowing the creditors to learn of the pending lawsuit)." Id.

However, the Supreme Court also held that "it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake." New Hampshire, 532 U.S. at 749–50. A court's analysis "requires an inquiry into whether the plaintiff's bankruptcy filing was, in fact, inadvertent or mistaken, as those terms are commonly understood." Ah Quin, 733 F.3d 267 at 277. The Ninth Circuit held in Ah Quin that a plaintiff's declaration that the bankruptcy schedule was too vague for her to think to disclose her pending lawsuit, coupled with the fact that she was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | JS-6 'O' |
|---|---|---|---|
| Case No. | 8:16-cv-00544-CAS(PLAx) | Date | November 7, 2016 |
| Title | MICHAEL JAG SIMPSON v. RICHARD A. MACKAIG | | |

represented by a different attorney in her bankruptcy action than in her pending lawsuit, may be an indication that the debtor's failure to disclose was mistaken or inadvertent. Id. at 277–78. However, a court may find that no inadvertence or mistake has occurred where a debtor has not provided an explanation as to whether the failure to include a pending action in a bankruptcy schedule was due to inadvertence or mistake. Dzakula v. McHugh, 746 F.3d 399, 401 (9th Cir. 2014).

Here, all three factors clearly weigh in favor of the application of judicial estoppel. First, plaintiff's current position is inconsistent with his prior position because plaintiff was at least aware of all of his claims against defendant prior to filing his complaint on March 23, 2016. Compl. ¶ 1. However, at the time that plaintiff's Order of Discharge was issued on May 23, 2016, plaintiff had still not disclosed his action against defendant to the bankruptcy court. SUF at No. 19. Second, plaintiff did succeed in convincing the bankruptcy court of his prior position because the bankruptcy court discharged plaintiff's bankruptcy without the inclusion of plaintiff's claims against defendant. Id. Third, plaintiff did obtain an unfair advantage because his bankruptcy was discharged without alerting his creditors to his claims against defendant. Id.

To date, plaintiff has provided no evidence that his failure to include his claim against defendant in plaintiff's bankruptcy schedule was due to inadvertence or mistake. Plaintiff's counsel states that Plaintiff will be able provide evidence of this mistake or inadvertence, but provides no basis for this assumption. Opp'n at 4.

Thus, the Court concludes that all off plaintiff's claims are barred under the doctrine of judicial estoppel. Accordingly, the Court **GRANTS** defendant's motion for summary judgment with respect to all of plaintiff's claims.

### B. Plaintiff's Request for More Time

Plaintiff argues that defendant's motion for summary judgment is premature and that plaintiff should be granted more time under Rule 56 of the Federal Rules of Civil Procedure.

Rule 56(d) grants a court discretion to defer consideration of the motion for summary judgment or allow a party additional time to gather appropriate facts "if the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | JS-6  'O' |
|---|---|---|---|
| Case No. | 8:16-cv-00544-CAS(PLAx) | Date | November 7, 2016 |
| Title | MICHAEL JAG SIMPSON v. RICHARD A. MACKAIG | | |

opposing party shows (by affidavit or declaration) that, for the specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The party requesting an extension must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion." California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).

Here, plaintiff's counsel's declaration provides an explanation of the difficulties that he has had communicating with plaintiff. Holzer Decl. at 2. However, his declaration merely states that he believes an affidavit from plaintiff would raise multiple issues of fact that would preclude the court from granting the instant motion. Id. Plaintiff's counsel has provided no specifics regarding the facts that he believes exist or why they would be essential for the Court to consider. Plaintiff has thus failed to meet the requirements under Rule 56(d). Accordingly, the Court **DENIES** plaintiff's request for more time.

C. Attorneys' Fees

Defendant requests that he be granted reasonable attorneys' fees under the provisions of 42 U.S.C. § 12205 and 28 U.S.C. § 1927.

Section 12205 grants a court discretion to award reasonable attorneys' fees to the prevailing party in an action brought under the ADA. 42 U.S.C. § 12205. The Court does not address the merits of plaintiff's ADA claim because the Court grants defendant's motion for summary judgment on the grounds that plaintiff's claim is barred by the doctrine of judicial estoppel. Thus, attorneys fees under 42 U.S.C. § 12205 are not available to defendant.

Section 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "A prerequisite to the imposition of Section 1927 sanctions is that the attorneys' conduct be in bad faith." Soules v. Kauaians for Nukolii Campaign Comm., 849 F.2d 1176, 1185 (9th Cir. 1988). Bad faith

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | JS-6  'O' |
|---|---|---|---|
| Case No. | 8:16-cv-00544-CAS(PLAx) | Date | November 7, 2016 |
| Title | MICHAEL JAG SIMPSON v. RICHARD A. MACKAIG | | |

exists when an attorney knowingly or recklessly raises a frivolous argument.  W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1528 (9th Cir. 1990).

    Defendant argues that he is entitled to attorneys' fees because plaintiff brought and has continued to pursue a meritless claim, without factual or legal support.  Motion at 15.  Although the Court grants defendants instant motion, the Court is not convinced that plaintiff's actions rose to the level of bad faith.  The Court therefore **DENIES** defendants request for attorneys' fees under 42 U.S.C. § 12205 and 28 U.S.C. § 1927.

## V.     CONCLUSION

    In accordance with the foregoing, defendant's motion for summary judgment is hereby **GRANTED**.  Plaintiff's request for more time is **DENIED**.  Defendant's request for attorneys' fees is hereby **DENIED**.

    IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |